ERNA D. CHUBB and MARY LUCILE CHUBB, Appellants, v. SKELGAS COMPANY, a Corporation, and UNITED STATES CASUALTY COMPANY, a Corporation.—139 S. W. (2d) 904.

Division Two, May 4, 1940.

*Edgar J. Keating, Martin E. O'Leary, Fenton Hume* and *Walter A. Raymond* for appellants.

24

*McVey & Randolph* for respondents.

WESTHUES, C.—Appellants, Erna D. Chubb and Mary Lucile Chubb, widow and daughter respectively of Clark J. Chubb, deceased, filed a claim with the Missouri Compensation Commission to recover death benefits in the sum of $13,326. The defendants were Skelgas Company, a Corporation, employer of Chubb, and United States Casualty Company, a Corporation, insurer. The Compensation Commission made an award of no compensation solely on the ground that the commission did not have jurisdiction, because the injury, which allegedly caused Chubb's death, was received in the state of Illinois where Chubb was employed. The claimants contended that the Missouri Compensation Commission had jurisdiction because the contract of employment was executed in Missouri. The defendants' theory was that the contract of employment was not a Missouri contract. Claimants appealed from the order of the commission to the circuit court of Jackson county which affirmed the award of the commission. An appeal to this court followed.

The deceased, Chubb, was first employed by the Skelgas Company, on February 11, 1931, as a district manager, with headquarters at Topeka, Kansas. The contract of employment provided that the Missouri Compensation Law should govern. On February 16, 1932, another contract was signed and Chubb's duties were changed to those of business manager in a retail store of the Skelgas Company in Kansas City, Missouri. This contract likewise provided that the Missouri Compensation Law should govern. Chubb continued in this employment until March 1, 1934. Up to this time he had been paid a salary of $132.50 to $225 per month, plus various commissions on sales. We next find where Chubb was employed as blockman in a retail store dealing in Skelgas merchandise, operated by one Swift in Topeka, Kansas. In this position he received a salary from the retail store, also a salary of $50 per month from the Skelgas Company and commission on sales. A blockman was described as a salesman employed by a retail dealer in Skelgas goods. For the purpose of this case we will consider this last employment of Chubb at Topeka as a joint employment by the Skelgas Company and Swift. Later Chubb was employed at Waterloo, Illinois, also in the capacity of a blockman. He continued to receive commissions on sales from the Skelgas Company. In February, 1935, Chubb was placed in charge

of the northeastern Illinois district as a district supervisor for the Skelgas Corporation. He received a monthly salary and commission on sales. The Skelgas Corporation was then his sole employer. The contract for this latter position did not refer to the Missouri Compensation Law. On January 28, 1936, Chubb was injured in a car accident. He died on March 2, 1936.

Appellants contend that Chubb's employment was continuous, hence the original contract of employment, providing that the Missouri Compensation Law should govern, was still in force at the time he was injured. The defendants, respondents here, contend that Chubb's employment with the Skelgas Company was severed on February 28, 1934. Evidence was introduced that Chubb and his supervisor had had some difficulties and therefore the contract of employment was terminated. A number of witnesses so testified. D. R. Skinner at this time was district salesman for the Skelgas Company with headquarters at Topeka, Kansas. Skinner testified that Chubb came to him at Topeka sometime in March, 1934, and informed him that he had been discharged and was looking for employment. Skinner testified that he informed Chubb that a Mr. Swift was operating a retail store dealing in Skelgas products; that Mr. Swift had decided to take a position which would take him away from Topeka and was looking for someone to look after his business; that he would try to get him that position. Later Chubb was employed by Swift as above stated. Appellants urge that even if Chubb was discharged at Kansas City the contract of his re-employment at Topeka was consummated in Kansas City. This, on the theory that Skinner had no authority to enter into a contract with Chubb without having the contract finally approved by the Kansas City office. This theory was based upon the evidence of Skinner. He testified that when Chubb informed him that he had been discharged at Kansas City, he telephoned to the Kansas City office to determine whether it would be satisfactory to employ Chubb in the capacity of a blockman; that a Mr. Feeley of the Kansas City office informed him there was no objection to Chubb. We are of the opinion that the evidence justified a finding that this contract was entered into at Topeka, Kansas. It was primarily a contract between Swift and Chubb. Granting that the Skelgas Company also paid Chubb a small salary, and that therefore there was a joint employment, nevertheless the evidence showed that Skinner had authority to make the contract. The most favorable evidence to support appellants' theory was contained in the following evidence given by Skinner:

" 'Q. Now was there any reason why you would call somebody at Kansas City before you would make a deal of that kind there? A. Yes, because I wouldn't have authority to make any definite deal anywhere the Company was involved unless I did.' "

Later in his evidence Skinner explained that the only reason he called the Kansas City office was to determine if there was any objection to Chubb, growing out of his discharge from service at Kansas City. He also testified that he, Skinner, had authority to employ blockmen. The above statement of the witness does not indicate that the terms of the contract were finally approved at Kansas City. Swift and Skinner employed Chubb. They agreed upon the details of the contract at Topeka. Note that Skinner did not testify that the terms of the contract were approved at Kansas City, but only that he asked for and was granted authority to employ Chubb.

After Chubb was made district manager in Illinois he no longer received a salary from any retail dealer, but received his entire compensation from the Skelgas Company. He signed a contract of employment, which, as above noted, did not refer to the Missouri Compensation Law as had his two previous contracts. No written contracts were offered in evidence with reference to his employment at Topeka, Kansas and Waterloo, Illinois. Respondents introduced substantial evidence to support their contention that this last contract was consummated in Waterloo, Illinois. Mr. Bach of the Kansas City office testified that he went to Waterloo for that express purpose. Bach had the absolute authority to enter into a contract of employment with Chubb for the position of district manager. He testified that the terms of the employment were agreed upon at Waterloo, Illinois. We are of the opinion that the record contains substantial evidence to support the finding of the commission that it was without jurisdiction to hear and determine this controversy. That being the case we are not authorized to disturb the award. [Sayles v. Kansas City Structural Steel Co., 344 Mo. 756, 128 S. W. (2d) 1046, 1050 (2-6), and cases there cited.]

▪ Appellants, however, insist that the question of whether the contract of employment was a Missouri contract was one of law and not of fact. Circumstances may arise where that would be the case, but not so here, because we find in the record a dispute as to what occurred. For example: The question of whether Chubb was discharged by the Skelgas Corporation in February, 1934. Appellants contend that he was not discharged. Defendants introduced evidence that he was. So that was a question of fact. So also was it a question of fact whether Chubb's re-employment contract at Topeka was finally consummated in Missouri or Kansas. Similar cases have been before this court and it has been determined that the question is one of fact. For example, the case of Sims v. Truscon Steel Co., 343 Mo. 1216, 126 S. W. (2d) 204, 206 (2), where there was a dispute whether the employment contract was finally accepted in Missouri or Kansas. ▪ It is also well settled that on appeal the evidence must be viewed in the light most favorable to the prevailing party before the Compensation Commission. [Sayles v. Kansas City

28

Structural Steel Co., 334 Mo. 756, 128 S. W. (2d) 1046, l. c. 1050 (2-6); Adams v. Continental Life Ins. Co., 340 Mo. 417, 101 S. W. (2d) 75, l. c. 77 (1, 2).]

The judgment is affirmed. *Cooley* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.